# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DAVID A. ALESSI, CA BAR NO. 229807 AND STEVEN T. LOIZZI, BAR NO. 10920

No. 80530

**FILED**

MAY 22 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT FOR ATTORNEY DAVID A. ALESSI*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for California attorney David A. Alessi.[1] Under the agreement, Alessi admitted to violating RPC 1.15 (safekeeping property). He agreed to a complete prohibition on his practice of law in Nevada, subject to his meeting SCR 51's requirements and applying for and being granted full membership in the Nevada State Bar.

---

[1]The conditional guilty plea agreement addressed misconduct by both Alessi and attorney Steven T. Loizzi. We have addressed Loizzi's misconduct and the portion of the conditional guilty plea agreement that pertains to him in a separate order in this docket.

20-19536

Alessi has admitted to the facts and violations as part of the guilty plea agreement. Therefore, the record establishes that he violated RPC 1.15 by knowingly comingling funds that should have been held in trust with personal or operating funds; transferring excess proceeds from foreclosure sales from Alessi & Koenig's (A&K's) trust account to its operating account and billing against those funds as "earned fees" without obtaining judicial approval; and failing to safe-keep and promptly turn over such funds to A&K's bankruptcy trustee and instead using funds from personal accounts and trust and operating accounts for other firms with which Alessi is associated to cover the foreclosure sale proceeds that should not have been retained.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (stating purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Alessi admitted to knowingly violating a duty owed to his clients and/or third-party claimants (safekeeping property). Based on the duties violated, and because he acted knowingly and his clients or third-party claimants were harmed or could have been harmed by his misconduct, the baseline sanction before factoring aggravating and mitigating

circumstances is suspension.[2]  *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). The record supports the panel's findings of one aggravating circumstance (prior disciplinary offenses) and three mitigating circumstances (full and free disclosure to disciplinary authority/cooperative attitude, character or reputation, and remorse). Based on the factors outlined in *Lerner*, we conclude that the recommended discipline is appropriate and serves the purpose of attorney discipline.

Accordingly, David A. Alessi is hereby enjoined from the practice of law in Nevada as defined by SCR 51.5(2), from participating in Nevada legal matters through pro hac vice admission, from participating in multijurisdictional practices with offices in Nevada, and from owning or partially owning any law firm practicing in Nevada unless and until he meets all requirements of SCR 51 and applies for and is granted admission to the Nevada State Bar. Any unauthorized practice by Alessi will be resolved under NRS 7.285 and the conditional guilty plea agreement shall be admissible as evidence in any such proceeding. Finally, he must pay the State Bar $2,500 in administrative costs pursuant to SCR 120 and the

---

[2]Although not licensed to practice law in Nevada, Alessi is a member and managing partner of the multijurisdictional practice Alessi & Koenig, which includes an office in Las Vegas, and he is subject to discipline by this court pursuant to SCR 99(1).

Supreme Court
of
Nevada

(O) 1947A

actual costs of the disciplinary proceeding within 30 days from the date of this order.[3]

It is so ORDERED.

_Pickering_ , C.J.
Pickering

_Gibbons_ , J.
Gibbons

_Hardesty_ , J.
Hardesty

_Parraguirre_ , J.
Parraguirre

_Stiglich_ , J.
Stiglich

_Cadish_ , J.
Cadish

_Silver_ , J.
Silver

cc:  Mayfield, Gruber & Sheets
     Jeffrey S. Posin & Associates
     Chair, Southern Nevada Disciplinary Board
     Bar Counsel, State of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court

---

[3]Alessi agreed to be jointly and severally liable with attorney Steven T. Loizzi for the SCR 120 and actual costs of the disciplinary proceedings. Because we are rejecting the portion of the guilty plea agreement that pertains to Loizzi, Alessi is fully responsible for these costs.

SUPREME COURT
OF
NEVADA

(O) 1947A